1   MICHAEL BARNES (State Bar No. 121314)
    SONIA MARTIN (State Bar No. 191148)
2   CHRISTOPHER WINDLE (State Bar No. 141123)
    SONNENSCHEIN NATH & ROSENTHAL LLP
3   2121 N. California Blvd., Suite 800
    Walnut Creek, California 94596-7342
4   Telephone: (925) 949-2600
    Facsimile: (925) 949-2610
5   Email:    mbarnes@sonnenschein.com
              smartin@sonnenschein.com
6             cwindle@sonnenschein.com

7   Attorneys for Defendant
    ALLSTATE INSURANCE COMPANY

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                SAN FRANCISCO/OAKLAND DIVISION

12  ANDREW BERANBOM, COOPBOM, LLC,        No.

13        Plaintiffs,

14  vs.                                   NOTICE OF REMOVAL OF A CIVIL
                                          ACTION
15  ALLSTATE INSURANCE COMPANY,
    and DOES 1 to 200, inclusive,
16
          Defendants.
17

18

19       TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

20  NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR

21  ATTORNEYS OF RECORD:

22       PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. section 1441(a), defendant Allstate

23  Insurance Company hereby removes to this Court the action described herein and respectfully

24  submits the following statement of grounds for removal:

25                        THE SUPERIOR COURT ACTION

26       1.   On June 27, 2008, an action was commenced in the Superior Court of the State of

27  California for the County of Alameda, entitled "*Andrew Beranbom, Coopbom, LLC v. Allstate*

28  *Insurance Company*," Case No. RG08395514 (the "Superior Court Action").

2.    In the Superior Court Action, plaintiffs seek damages on account of Allstate's denial of coverage for a loss to their property located at 1801 Koyukon Drive, South Lake Tahoe, California. (Complaint ("Compl."), ¶ 8 [Ex. B hereto].) Specifically, plaintiffs contend their home suffered water damage as the result of a burst water pipe. (*Id.*)

3.    Allstate insured plaintiffs on the date of loss under a Deluxe Plus Homeowners Policy (the "Policy"). (Compl., ¶ 7.) According to the complaint, Allstate denied coverage for the loss. (Compl., ¶ 16.) On December 26, 2007, the property was inspected by Scott Mills of Cunningham Lindsey U.S., Inc., an independent claims service company, which estimated the repairs to total $125,000. (*See* Ex. A hereto; *see also* Compl., ¶12.) Plaintiffs sue Allstate for breach of contract and breach of the covenant of good faith and fair dealing.

SERVICE

4.    Allstate is informed and believes that the Summons and Complaint in the Superior Court Action were served on Allstate on or about July 2, 2008 by service on the CT Corporation. Attached hereto as Exhibit B are true and correct copies of the Complaint and Answer, which Allstate believes constitute all pleadings on file in the Superior Court Action.

JURISDICTION

5.    Plaintiffs were, at the time of filing of the Superior Court Action, now are, and at all relevant times have been, citizens and residents of the State of California. (Compl., ¶ 1.) Defendant Allstate was, at the time of filing of the Superior Court Action, now is, and at all relevant times has been, a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in the city of Northbrook, Illinois. (Compl., ¶ 2.)

6.    Plaintiffs and Allstate, accordingly, are citizens and residents of different states.

AMOUNT IN CONTROVERSY

7.    Plaintiffs have sued Allstate for breach of contract and breach of the covenant of good faith and fair dealing. The breach of contract cause of action asserts that "[p]laintiffs have been paid neither the whole nor any portion of their damages, despite repeated requests that coverage be afforded and that repairs be made under the terms of the policy." (Compl., ¶ 16.) The repair costs for the structure alone have been estimated to be $125,000. (*See* Exhibit A.)

SONNENSCHEIN NATH & ROSENTHAL LLP
2121 N. California Blvd., Suite 800
Walnut Creek, California 94596
(925) 949-2600

-2-

Case No. _____                                        NOTICE OF REMOVAL

1    Allstate is informed and believes that, in addition to this amount, plaintiffs seek additional sums

2    for alleged damage to their personal property.

3        8.    In addition, plaintiffs seek additional sums to compensate them for alleged

4    emotional distress resulting from "bad faith" on Allstate's part.  (Compl., ¶ 32.)  The Complaint

5    also seeks attorneys' fees, costs and interest.  (*Id.*, Prayer for Relief, at ¶ d.)  Attorneys' fees

6    incurred to compel payment of insurance policy benefits withheld in bad faith are also

7    recoverable as damages, and are also part of the amount in controversy.  *Brandt v. Superior*

8    *Court*, 37 Cal. 3d 813, 815 (1985).  Finally, the Complaint seeks punitive damages, which also

9    are included in determining whether the amount in controversy requirement has been met.  *Bell*

10   *v. Preferred Life Society*, 320 U.S. 238, 239 (1943).  Accordingly, plaintiffs seek to recover

11   damages in excess of seventy-five thousand dollars ($75,000).

12       9.    The Superior Court Action is a civil action of which this Court has original

13   jurisdiction under 28 U.S.C. section 1332, in that plaintiffs and Allstate are citizens of different

14   states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

15       10.    The case is therefore one that Allstate may remove to this Court pursuant to 28

16   U.S.C. sections 1441 and 1446.  The removal is effected less than thirty days after service of the

17   Complaint in the Superior Court Action, in accordance with 28 U.S.C. section 1446(b).

18

19   Dated: July *31*, 2008                                SONNENSCHEIN NATH & ROSENTHAL LLP

20

21                                                         By: _____

22                                                              SONIA MARTIN

23                                                         Attorneys for Defendant
                                                          ALLSTATE INSURANCE COMPANY

24

25

26

27

28

SONNENSCHEIN NATH & ROSENTHAL LLP
2121 N. California Blvd., Suite 800
Walnut Creek, California 94596
(925) 949-2600

**Exhibit A**

**Cunningham Lindsey U.S., Inc.**

1500 W. El Camino Ave Box 328
Sacramento, CA 95833
Telephone (916) 853-8388 Facsimile (916) 853-7034
SAMills@cl-na.com        CA License No. 2830214

# Cunningham ⍉ ⍥Lindsey

January 10, 2008

ALLSTATE INSURANCE COMPANY
1025 CREEKSIDE RIDGE DR
ROSEVILLE, CA  95678-0000

Attn:   LINDA NUNZIATI

Claim No:        01-06203805
Insured:         ANDREW BERANBOM
Policy No.:      N/A
Policy Term:     -
Date of Loss:    12/18/2007
Type of Loss:    EXTENDED COVERAGE
Location of Loss: 1801 KOYUKON DRIVE, SOUTH LAKE TAHOE, CA   96150
Agent/Broker:
Our File No.:    500557406703

## SECOND REPORT

### ASSIGNMENT/CONTACT:

This will acknowledge, with thanks, receipt of this property assignment received via email in our Sacramento, CA office on December 21, 2007.  Contact was established with the insured the same day and we have scheduled our inspection of the loss on December 26, 2007 at the insured's request. This follows our December 28, 2008.

### ESTIMATED LOSS:

| ITEM | INSURANCE CARRIED | ESTIMATED LOSS |
|------|-------------------|----------------|
| Dwelling | $309,868.00 | $125,000.00 |
| | | |
| Total Estimate Claim | | $125,000.00 Precautionary |

The above-captioned reserves are based on the damages involved, with no regard to coverage or possible liability exposure under the involved policy. The dollar amount indicated is no intended to establish settlement value; rather intended to estimate the damage severity only.

## COVERAGE:

Coverage information provided at the time of this assignment indicates that Allstate Insurance Company insures Andrew Beranbom and the property located at 1801 Koyukon Drive South Lake Tahoe, CA 96150. The policy identifies coverage and retains coverage for the Dwelling limited to the dwelling in the amount of $309,868.00. Coverage is subject to the terms and conditions of a Homeowners policy subject to $1,000.00 deductible to each occurrence, adjusted on a replacement cost basis.

## INSURED:

Name:                  Andrew Beranbom
Address:               1801 Koyukon Drive South Lake Tahoe, CA 96150
Telephone Number:      (415) 305-4271
Contact:               Andrew Beranbom

## OWNERSHIP AND LEGAL INTERESTS:

The described residence is owned by the named insured Andrew Beranbom and retains a mortgage, however we are unaware of the balance remaining the insured's mortgage or mortgagee institution.

## CAUSE AND ORIGIN:

With this assignment and the submission of claim by the insured: the loss was described as a water damage that occurred as a result of a frozen pipes in the second floor bathroom wall, which ruptured allowed water to run throughout dwelling damaging floors, ceiling and walls. After further investigation it is clear the loss occurred as a result of the freezing and expansion of a valve connection to master bath sink system. The insured has advised us that that the pilot light in the furnace may have blown out creating a freezing environment.

## ADJUSTMENT:

Dwelling:

We conducted our inspection on December 26, 2007 in review of the above captioned loss at the insured's request. It is clear that severe water damage occurred at the risk, finding water damage throughout the residences entire wall, ceiling and floor systems of the 1st and second floors. At your request ServPro has conducted emergency services removing water and removal affected building materials including carpeting, insulation, baseboards and areas of the risk.

Damages to the structure include extensive water damage to 90 % of the ceilings, walls, insulated areas and flooring, approximately 1500 to 2500 square feet in size. In review with this assignment we were advised by the insured that American Technologies had perform and will concluded emergency drying and water removal of affected building materials from the structure. In review we have conducted a preliminary walk through of the risk to determine the scope of repairs required as it relates to the above captioned loss.

Upon identification items related to removal we will complete a detailed estimate for loss related damages and recoverable materials and we will prepare a detailed estimate for repairs to the structure. We reviewed the repairs with the insured's contractor on January 5, 2008 and we have again requested a competitive bid from the insured's contractor. We conclude towards agreeing on loss related repairs reporting further.

**SUBROGATION:**

The insured has completed the repairs to the frozen plumbing system, which was the direct cause. No recent repairs or problems with the insured's plumbing were identified, so subrogation appears unlikely.

**SALVAGE:**

Not Applicable

**FURTHER ACTIVITIES:**

1. Complete Detailed Estimate
2. Review and issue recommendations on emergency service
3. Report in 21 days

**REMARKS:**

Per our conversation with you on December 27, 2007, we are aware that you are review ing coverage aspects of the above captioned loss and at your request we will complete our estimate for building repairs in submission of your coverage review. Please diary your file 21 days pending further investigation of the above captioned loss. Please contact the undersigned regarding questions or comments relative to the loss or additional assignment requests.

Prepared by,


Scott Mills
Senior Property Adjuster


Diary Date: January 29, 2007

**Exhibit B**

1  Craig A. Diamond (Bar No. 89361)
   Stephen C. Baker (Bar No. 112324)
2  DIAMOND ◆ BAKER, LLP
   P.O. Box 1147
3  Cedar Ridge, CA 95924-1147
   Tel: (530) 272-9977
4  Fax: (530) 272-8463

5  Attorneys for Plaintiff Andrew Beranbom

**FILED**
ALAMEDA COUNTY
JUN 2 7 2008
By _____

6

7                    IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                       IN AND FOR THE COUNTY OF ALAMEDA

9   ANDREW BERANBOM, COOPBOM, LLC          Case No. RG08395514

10       Plaintiffs,                        COMPLAINT FOR:

11  v.                                      FIRST PARTY BAD FAITH ACTION
                                            (COMMON LAW); BREACH OF
12  ALLSTATE INSURANCE COMPANY and          CONTRACT (BAD FAITH FAILURE TO
    DOES 1 through 200, inclusive,          TIMELY RESOLVE CLAIM); BREACH OF
13                                          CONTRACT (BAD FAITH FAILURE TO
        Defendants.                         INDEMNIFY); BREACH OF CONTRACT
14                                          (COVENANT OF GOOD FAITH AND FAIR
                                            DEALING)
15

16

17                                      1.

18        At all times herein mentioned, plaintiffs ANDREW BERANBOM, who is an individual residing

19  in Alameda County in the State of California and COOPBOM, LLC, a limited liability company

20  registered in California, owned the subject, insured, property located in the State of California.

21                                      2.

22        At all times herein mentioned defendant ALLSTATE INSURANCE COMPANY (hereinafter,

23  "ALLSTATE") was, and is a corporation organized and existing under the laws of the state of Illinois,

24  with its principal place of business in Northbrook, IL, doing business and entering into contracts in the

25  State of California.

26                                      3.

27        At all times herein mentioned defendant was authorized to transact, and was transacting, business

28  in California as a liability insurer.

**4.**

Plaintiffs are ignorant of the true names and capacities of defendants sued under the fictitious names DOES 1 through 200. Plaintiffs will amend this Complaint to show their true names and capacities when they have been ascertained. Plaintiffs are informed and believe that each fictitiously-named DOE defendant is legally responsible in some manner for the occurrences alleged and that plaintiffs' injuries and damages as alleged were and continue to be legally caused by these defendants' actions.

**5.**

Each defendant was, and continues to be, the agent, servant and employee of each remaining defendant, and was acting within the scope of their agency or employment, with the knowledge and consent of their principal or employer.

**6.**

Plaintiffs are informed and believe that defendants, including DOES 1 through 200, inclusive, were corporations, business entities, public agencies, utilities, associations, partnerships, joint venturers and/or individuals who conducted business the State of California.

**FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT**
**COMMON LAW FIRST PARTY BAD FAITH**
**(AGAINST ALL DEFENDANTS)**

**7.**

In or about July 2005 ANDREW BERANBOM purchased ALLSTATE Insurance Policy No. 914401329 (hereinafter "the policy"). ANDREW BERANBOM is a named insured on the policy. The policy term was from 12:01 a.m., on July 15, 2007 to 12:01 a.m., on July 14, 2008. A true copy of the policy is attached as Exhibit "A" and is made a part hereof.

**8.**

On or about December 18, 2007, when the policy was in full force and effect, the insured property, 1801 Koyukon Drive, So. Lake Tahoe, CA suffered significant water damage when a pipe broke and leaked water within the home.

**9.**

The policy provides for coverage for such property damage.

10.

Plaintiffs suffered "property damage" within the terms of the policy:

"property damage" means physical injury to or destruction of tangible property, including loss of its use resulting from such physical injury or destruction."

11.

Plaintiffs' damages and injuries were the result of an "occurrence" within the meaning of the policy:

"occurrence", means an accident, including continuous or repeated exposure to substantially the same general harmful conditions during the policy period, resulting in bodily injury or property damage."

12.

The insureds gave defendant due and proper notice of this occurrence by advising ALLSTATE of the loss on December 19, 2007. The insureds then called ALLSTATE again within the week, and met an "appraiser" at the home. Following several more telephone calls from the insureds, many without a response, weeks passed before ALLSTATE began their investigation in order to determine a way to deny this claim.

13.

The policy denies coverage for freezing of plumbing "unless [you] have used reasonable care to: (a) maintain heat in the building structure; or (b) shut off the water supply and drain the system and appliances."

14.

In an Examination Under Oath given by the insured on March 7, 2008 he testified that he took "reasonable care" to maintain heat in the building or shut off the water supply and drain the system and appliances, despite the fact that the plumber, who was recommended by ALLSTATE, and who first responded to the water leak, but who was not the first person in the structure, indicated to ALLSTATE that he found the thermostat in the "off" position.

15.

Despite repeated requests, beginning in December 2007, Defendants, and each of them, exorcised

1  themselves to try and find a way to deny coverage in this matter thereby subjecting Plaintiffs to a

2  conscious and deliberate act, which unfairly frustrated the agreed common purposes and disappointed

3  the reasonable expectations of the Plaintiffs herein, thereby depriving Plaintiffs of the benefits of the

4  agreement.

5                                                16.

6          Plaintiffs have been paid neither the whole nor any portion of their damages, despite repeated

7  requests that coverage be afforded and that repairs be made under the terms of the policy.

8                                                17.

9          The *Moradi-Shalal* court overruled *Royal Globe Ins. Co. v. Superior Court* (1979) 23 Cal.3d

10  880, which held that a third party had a private right of action, pursuant to the Insurance Code, for

11  damages against an insurer who committed unfair practices in violation of the code.  However, the

12  *Moradi-Shalal* court did not rule out civil damages and other remedies against insurers in appropriate

13  common law actions (*Moradi-Shalal*, supra, at p. 304), and plaintiffs claim damages as a result of the

14  common law breach of Defendants' duties to Plaintiffs.

15                                                18.

16          As a proximate result of defendants' unreasonable delays in determining and ultimately denying

17  coverage, and their  failure and refusal as herein alleged, plaintiff has been damaged in an amount

18  according to proof for the property damage and the loss of use of this home during the peak winter

19  months, together with interest thereon from December 19, 2007 until the sum is paid.

20          **SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT**
            **BAD FAITH REFUSAL TO TIMELY RESOLVE CLAIM**
21                       **(AGAINST ALL DEFENDANTS)**

22                                                19.

23          Plaintiffs hereby incorporate by reference all the allegations of the preceding paragraphs one

    through 18, inclusive, as though fully set forth herein.
24
                                                20.
25
            Defendants first received this claim on or about  December 19, 2007.  It was not until April 7,
26
    2008 that ALLSTATE denied this claim; four (4) months after this simple property damage  claim was
27
    originally made.
28

21.

Plaintiffs allege said delay was a violation of Insurance Code §790.03(h)(4), failing to affirm or deny coverage of claims within a reasonable time after proof of loss requirements have been completed and submitted by the insured.  Though *Moradi-Shalal* the court overruled *Royal Globe Ins. Co.* v. *Superior Court* (1979) 23 Cal.3d 880, which held that a third party had a private right of action, pursuant to the Insurance  Code, for damages against an insurer who committed unfair practices in violation of the code. However, the *Moradi-Shalal* court did not rule out civil damages and other remedies against insurers in appropriate common law actions (*Moradi-Shalal*, supra, at p. 304.) and plaintiffs claim damages as a result of the common law breach of Defendants' duties to Plaintiffs.

22.

Despite repeated requests for indemnity, beginning in December 2007, Defendants, and each of them, exorcised themselves to try and find a way to deny coverage in this matter thereby subjecting Plaintiffs to a conscious and deliberate act, which unfairly frustrated the agreed common purposes and disappointed the reasonable expectations of the Plaintiffs herein, thereby depriving Plaintiffs of the benefits of the agreement.

23.

As a proximate result of defendants' unreasonable delays in determining and ultimately denying coverage, and their  failure and refusal as herein alleged, plaintiff has been damaged in an amount according to proof for the property damage and the loss of use of this home during the peak winter months, together with interest thereon from December 19, 2007 until the sum is paid.

**THIRD CAUSE OF ACTION FOR BREACH OF CONTRACT**
**BAD FAITH REFUSAL TO INDEMNIFY**
**(AGAINST ALL DEFENDANTS)**

24.

Plaintiffs hereby incorporate by reference all the allegations of the preceding paragraphs one through 23, inclusive, as though fully set forth herein.

25.

Plaintiffs allege that defendants have breached, and continue to breach, their duty of good faith and fair dealing owed to ANDREW BERANBOM by additional acts or omissions, including, but not

1   limited to their duty to timely resolve this claim, having taken 4 months to deny the claim, failing to

2   provide payment for the property damage as required under the subject policy, and other acts of which

3   plaintiffs are presently aware and unaware, but which will be shown according to proof at the time of

4   trial.

5                                                26.

6        As a direct and legal result of defendants' breach of the covenant of good faith and fair

7   dealing, ANDREW BERANBOM has suffered substantial compensable losses including benefits of the

8   policy and judgments against him, all within the jurisdiction of this court and to be proven at trial.

9                                                27.

10       Defendants' wrongful conduct as herein alleged in breaching the covenant of good faith and fair

11  dealing was done willfully, oppressively, fraudulently, and maliciously, and with conscious disregard

12  of ANDREW BERANBOM 'S rights and with the intent to vex, annoy, harass and injure him. Plaintiffs

13  are therefore entitled to recover punitive damages from defendants in an amount according to proof at

14  trial.

15                **FOURTH CAUSE OF ACTION FOR BREACH OF CONTRACT**
       **BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**
16                       **(AGAINST ALL DEFENDANTS)**
                                         28.
17
18       Plaintiffs hereby incorporate by reference all the allegations of the preceding paragraphs one

19  through 27, inclusive, as though fully set forth herein.

20                                              29.

21       The aforementioned insurance policy contains an implied covenant of good faith and fair dealing

22  under which Defendants, and each of them, were and are obligated to pay all amounts due under the

23  policy in a timely fashion.

24                                              30.

25       Defendants, and each of them, breached the implied covenant of good faith and fair dealing when

26  it wrongfully and without justification took over four (4) months to address Plaintiffs' claim for property

27  damage, then ultimately denied the claim, thereby requiring Plaintiffs themselves to pay for those

28  otherwise insured damages, out of their own pockets.

31.

Defendants, and each of them, have acted maliciously, oppressively and in conscious disregard of their obligations and their insureds' rights under the policy.

32.

As a direct and proximate result of the breach of the implied covenant of good faith and fair dealing, Plaintiffs have been damaged in that they have suffered severe emotional distress, have incurred attorneys fees and other general and special damages which will be proven at the time of trial.

**PRAYER**

**WHEREFORE PLAINTIFFS ANDREW BERANBOM AND COOPBOM, LLC, PRAY FOR JUDGMENT AGAINST DEFENDANTS AS FOLLOWS:**

**AS TO EACH CAUSE OF ACTION**

a.    For a sum according to proof at the time of trial, together with interest thereon at the legal rate from the date the judgment was entered and continuing until the date it is paid;

b.    For general, special, and consequential damages according to proof;

c.    For costs of suit incurred herein; and,

d.    For punitive damages according to proof at trial.; and,

e.    For such other and further relief as the court finds just and appropriate.

Dated:  June 25, 2008              DIAMOND ◆ BAKER, LLP

                                  By:_____
                                      CRAIG A. DIAMOND
                                      Attorneys for Plaintiffs,
                                      ANDREW BERANBOM and COOPBOM,
                                      LLC

**EXHIBIT "A"**

**Allstate Insurance Company**

### RENEWAL

# Deluxe Plus Homeowners
# Policy Declarations

## Summary

| | | |
|---|---|---|
| **NAMED INSURED(S)**<br>Andrew Beranbom<br>& Lauren Cooperman<br>5265 Lawton Ave<br>Oakland CA 94618-1038 | **YOUR ALLSTATE AGENT IS:**<br>Tony Salazar<br>100 Bush St Ste 220<br>San Francisco CA 94104 | **CONTACT YOUR AGENT AT:**<br>(415) 391-9988 |
| **POLICY NUMBER**<br>9 14 401329 07/29 | **POLICY PERIOD**<br>Begins on July 29, 2007<br>at 12:01 a.m. Pacific Time<br>and continues until cancelled | **PREMIUM PERIOD**<br>July 29, 2007  to July 29, 2008<br>at 12:01 a.m. Pacific Time |

**LOCATION OF PROPERTY INSURED**
1801 Koyukon Drive, South Lake Tahoe, CA 96150-5824

**MORTGAGEE**
- CITIMORTGAGE INC        ITS SCRS &/OR
  ASSIGNS ATIMA
  P O Box 7706        Springfield OH 45501-7706        *Loan # 000011247156*


## Total Premium for the Premium Period   *(Your bill will be mailed separately)*

| | |
|---|---|
| Premium for Property Insured | $1,417.00 |
| **TOTAL** | **$1,417.00** |

# Allstate Insurance Company

Policy Number:  9 14 401329 07/29      Your Agent:  Tony Salazar  (415) 391-9988
For Premium Period Beginning:    July 29, 2007

## POLICY COVERAGES AND LIMITS OF LIABILITY

| COVERAGE AND APPLICABLE DEDUCTIBLES<br>(See Policy for Applicable Terms, Conditions and Exclusions) | LIMITS OF LIABILITY | |
|---|---|---|
| Dwelling Protection - with Building Structure Reimbursement Extended Limits<br>• $1,000 All Peril Deductible Applies | $391,868 | |
| Other Structures Protection<br>• $1,000 All Peril Deductible Applies | $39,187 | |
| Personal Property Protection - Reimbursement Provision<br>• $1,000 All Peril Deductible Applies | $293,901 | |
| Additional Living Expense | Refer to Policy | |
| Family Liability Protection | $1,000,000 | each occurrence |
| Guest Medical Protection | $5,000 | each person |
| Building Codes | Refer to Policy | |
| Workers' Compensation and Employers' Liability<br>Coverage for Residence Employees | Statutory/See Form | |

The limit of liability for this structure (Coverage A-Dwelling Protection) is based on an estimate of the cost to rebuild your home, including an approximate cost for labor and materials in your area, and specific information that you have provided about your home.

This policy does not cover earth movement including earthquake

You have elected not to purchase a CEA earthquake policy

## DISCOUNTS  Your premium reflects the following discounts on applicable coverage(s):

| | | | |
|---|---|---|---|
| Age of Home | 2 % | Claim Free | 15 % |
| Home and Auto | 20 % | | |
| Protective Device Rate Applied | | | |

## RATING INFORMATION
The dwelling is of Frame construction and is occupied by  1 family

# Allstate Insurance Company

Policy Number: 9 14 401329 07/29      Your Agent:  Tony Salazar  (415) 391-9988
For Premium Period Beginning:    July 29, 2007

## *Your Policy Documents*

Your Homeowners policy consists of this Policy Declarations and the documents listed below. Please keep these together.

- Deluxe Plus Homeowners Policy form AP337
- Domestic Workers' Comp & Emp Liability AP1127
- Bldg. Struct. Reimb. Ext. Limits End. form AP445
- Deluxe Plus Homeowners Amend End. form AP4486-1
- CA Deluxe Plus Amendatory Endorsement form AP2236

- California Amendatory Endorsement form AP29-3
- Amendment of Policy Provisions form AP425
- Lender's Loss Payable Endorsement form AU319
- California Std Fire Policy Prov. End form AP1862-1

## *Important Payment and Coverage Information*

Coverage A - Dwelling Protection Includes an approximate increase   of $23,113      due to the Property Insurance Adjustment provision using the Marshall Swift Boeckh Publications Building Cost Index.  Coverage C - Personal Property Protection adjusted accordingly.

**Important**

The cancellation notice recently mailed to you remains in effect.  Your policy terminated or will terminate on the date and time shown on the cancellation notice.

If you have any questions, please contact your agent.

IN WITNESS WHEREOF, Allstate has caused this policy to be signed by two of its officers at Northbrook, Illinois, and if required by state law, this policy shall not be binding unless countersigned on the Policy Declarations by an authorized agent of Allstate.

Thomas J. Wilson
President

Mary J. McGinn
Secretary



## Allstate Insurance Company

Policy Number: 9 14 401329 07/29      Your Agent:   Tony Salazar  (415) 391-9988
For Premium Period Beginning:   July 29, 2007

# Important Notice
## *Our Privacy Policy*

### California Privacy Notice

At Allstate, we value you as a customer. We also share your concerns about privacy. We are sending this notice to explain how we treat personal information ("customer information") that is not public. This is information that we obtain from you or other sources when we provide you with products and services.

We want you to know that we respect your privacy; and we protect your information.

- We do not sell customer information.
- We do not share your information with persons, companies, or organizations outside of Allstate that would use that information to contact you about their products and services.
- We expect persons or organizations that provide services on our behalf to keep your information confidential. We also expect those persons or organizations to use your information only to provide the services we've asked them to perform.
- We convey to our employees about the need to protect your information. We have established safeguards (these are physical, electronic and procedural) to protect this information.

Below are answers to questions you might have about privacy. You may be wondering. . .

### What do we do with your information?

Allstate does not sell your customer or medical information to anyone. We do not share this information with companies or organizations outside of Allstate that would use it to contact you about their products and services. If that practice were to change, we would offer you the means to opt out of this type of information sharing. Also, we would obtain your consent before sharing your medical information for marketing purposes.

Your agent or broker may use your information to help you with your insurance needs. We may also communicate with you about products, features, and options in which you have expressed an interest. Without your consent, we may provide your information to persons or organizations in and out of Allstate. This would be done as permitted or required by law. We may do this to:

- Fulfill a transaction you have requested.
- Service your policy.
- Market our products to you.
- Investigate or handle claims.
- Detect or prevent fraud.
- Participate in insurance support organizations. The information in a report prepared by an insurance organization may be retained by that organization and distributed to other persons.
- Comply with lawful requests from regulatory and law enforcement authorities.

These persons or organizations may include:

- Our affiliated companies.
- Companies that perform services, such as marketing, on our behalf.
- Other financial institutions with which we have an agreement for the sale of financial products.

Page 1

PROP  *5100004080519630419011105*

# Allstate Insurance Company

Policy Number:  9 14 401329 07/29      Your Agent:  Tony Salazar  (415) 391-9988
For Premium Period Beginning:   July 29, 2007

* Other insurance companies. This would be done so they could perform their role in an insurance transaction involving you.
* Independent claims adjusters.
* A business or businesses that conduct actuarial or research studies.
* Persons requesting information pursuant to a subpoena or court order.
* Repair shops and recommended claims vendors.
* Your agent or broker.

**What kind of customer information do we have, and where did we get it?**

Much of the information that we have about you comes from you. When you perform certain transactions, you may give us information such as your name, address, and Social Security Number. These transactions include when you submit an application for insurance, submit a request for insurance, submit a request for products and services we offer, or submit a request for an insurance quote.  We keep information about the types of services you purchase from us and our affiliates. Examples of this include premiums, account balances, and payment history. We may collect information from outside sources such as consumer reporting agencies and health care providers.  The information we collect may include the following:

- Loss information reports.
- Motor vehicle reports.
- Credit reports.
- Medical information.

**How do we protect your customer information?**

We expect any company with whom we share your information to use it only to provide the service we have asked them to perform. Information about you is also available within Allstate. It is available to those people who may need to use it to fulfill and service the needs of our customers. We communicate the need to protect your information to all employees and agents.  We especially communicate this need to people who have access to it. Plus, we have established physical, electronic, and procedural safeguards to protect your information.

Note that if your relationship with us ends, your information will remain protected. This protection will be provided according to our privacy practices outlined in this Important Notice.

**How can you find out what information we have about you?**

You may request to see, or obtain by mail, the information about you in our records. If you believe that our information is incomplete or inaccurate, you may request that we correct, add to, or delete from the disputed information.   To fulfill your request, we may make arrangements to copy and disclose your information to you on our behalf.  This may be done with an insurance support organization or a consumer reporting agency. You may also request a more complete description of the entities to which we disclose your information, or the conditions that might warrant such disclosures. Please send any of the requests listed above in writing to:

Allstate Insurance Company
Customer Privacy Inquiries
P.O. Box 11904
Roanoke, VA 24022.

**Page 2**



# Allstate Insurance Company

Policy Number:  9 14 401329 07/29      Your Agent:    Tony Salazar  (415) 391-9988
For Premium Period Beginning:    July 29, 2007

If you are an Internet user . . .
Our web site, allstate.com, provides information about us, our products, and the agencies and brokers that
represent us. You may also perform some transactions on the web site. When accessing allstate.com, be sure to
read the Privacy Statement that appears there.

To learn more, the allstate.com Privacy Statement provides information relating to your use of the web site. This
includes, for example, information regarding:
1) · our use of online collecting devices known as "cookies";
2)   how we collect information such as IP address (the number assigned to your computer when you use the
     Internet), browser and platform types, domain names, access times, referral data, and your activity while
     using our site;
3)   who should use our web site;
4)   the security of information over the Internet;
5)   links and co-branded sites.

We hope you have found this notice helpful. If you have any questions or would like more information, please
don't hesitate to contact your Allstate agent or call the Allstate CIC at 1-800-Allstate®.

                                                                                        X67376

This notice is being provided on behalf of the following companies:
Allstate Indemnity Company                        Allstate Insurance Company
Allstate Motor Club, Inc.                          Roadway Protection Auto Club, Inc.
Allstate Property and Casualty Insurance Company   Forestview Mortgage Insurance Company

                                                                          **Page 3**

PROP *5190054080519530419011 06*



## Allstate Insurance Company

Policy Number:  9 14 401329 07/29     Your Agent:  Tony Salazar  (415) 391-9988
For Premium Period Beginning:    July 29, 2007

# Important Notice

## DWELLING PROFILE

Allstate has determined that the *estimated* cost to replace your home is : $391,868.

The enclosed Policy Declarations shows the limit of liability applicable to Coverage A—Dwelling Protection of your homeowners insurance policy. That limit of liability must be at least equal to the estimated replacement cost of your home as shown above.

Many factors can affect the cost to replace your home, including its size, type and any unique features. Allstate's estimate of the replacement cost of your home is based, in part, on the following home characteristic information, which includes information you provided to us.

DWELLING STYLE: Colonial, 2.0 Story(s),  1 Family(s), Built 1998,  2227 sq. ft. Living Area

CONSTRUCTION: 100% Crawlspace

ADDITIONS: 1 Custom Kitchen(s), 4 Custom Full Bath(s)

    1 Standard Masonry Fireplaces, 1 Built-in Two Car Garage(s)

DETAIL: Exterior Wall - Stucco(100%), Roof - Asphalt/Fiberglass Shingles(100%)

    Int Walls - Partitions - Sheetrock(100%), Wall Coverings - Paint( 70%)

    Wall Coverings - Millwork( 10%), Wall Coverings - Deluxe Tile( 10%)

    Wall Coverings - Marble Tile( 10%), Ceilings - Textured Sheetrock( 80%)

    Ceilings - Millwork( 20%), Flooring - Deluxe Carpet/48 oz. Nylon( 70%)

    Flooring - Vinyl( 10%), Flooring – Deluxe Tile( 10%)

    Flooring - Marble( 10%), Heat&Air Cond. - Gas Heat (hot air)(100%)



# Allstate Insurance Company

Policy Number: **9 14 401329 07/29**      Your Agent:   **Tony Salazar (415) 391-9988**
For Premium Period Beginning:   **July 29, 2007**

A "Help Sheet," that explains many of the terms used above to describe the characteristics of your home, is available from your Allstate agent. If you would like to obtain a "Help Sheet," simply contact your Allstate agent, who will be happy to send one to you.

It's important to keep in mind that the replacement cost shown above is only an estimate based on construction cost data for a point in time. The *actual* amount it will cost to replace your home cannot be known until after a loss has occurred. The decision regarding the limit applicable to your Coverage A—Dwelling Protection is your decision to make, as long as you purchase at least the minimum limit Allstate specifies and meet certain other requirements.

If the information about your home shown above requires any change or if you have any questions or concerns regarding the information, the estimated cost to replace your home or the amount of your Coverage A—Dwelling Protection limit, please contact your Allstate agent.  Your Allstate agent will be happy to discuss this important matter with you.

SPECIAL NOTE TO ALLSTATE CUSTOMERS RENEWING THEIR HOMEOWNERS INSURANCE POLICY:  The estimated replacement cost for your home may have changed since the last time we communicated this information to you. That change could be due to several factors, including, for example, changes in the cost of building materials and labor rates.

X7119

PROP *5100004080519530418011 04*

Information as of
May 19, 2008

**Page 5**

CA870RB0

# Allstate Insurance Company

Policy Number: 9 14 461329 07/29      Your Agent:   Tony Salazar (415) 391-9988
For Premium Period Beginning:   July 29, 2007

# Important Notice

## *Information About Available Discounts On Your Allstate Property Insurance*

The premium for your property insurance policy is determined based on a variety of factors, including information you have given us. It is important that you notify us if the information upon which your premium is based is incorrect or incomplete, so that we may adjust your premium accordingly.

Allstate has several property insurance discounts available for which you may qualify. Please note that the particular discounts available vary depending on the type of property policy you have. Below is a listing of these discounts, including a brief description of each. Any discounts you are currently receiving are listed on the enclosed Policy Declarations.

If you have questions about whether you may qualify for any of the following discounts, please contact your Allstate agent in order to discuss your possible eligibility.

### AGE OF HOME/RENOVATED HOME DISCOUNT
You may be eligible for a discount on your Homeowners policy premium if your home is nine years of age or less, or if it is older than 10 years old but has been completely renovated, and all of the renovations were completed less than 10 years ago. Complete renovation includes the installation of roofing, plumbing, electrical and heating and cooling systems by a licensed contractor. The amount of the discount ranges between 2 and 25 percent and varies depending on the age of your home.

### FIRE RESISTIVE DISCOUNT
You may be eligible for a 15% discount on your Homeowners policy premium if your home is made of fire resistive or fireproof construction, such as brick or masonry.

### 55 AND RETIRED DISCOUNT
You may be eligible for a 10% discount on your Homeowners, Condominium, or Renters policy if:
- one of the Named Insured(s) on your policy is age 55 or older, and
- both the Named Insured and spouse, or registered domestic partner, are not gainfully employed full-time or seeking full-time gainful employment, and
- if the home insured with Allstate is your principal place of residence.

### HOME AND AUTO DISCOUNT
You may be eligible for up to a 20% discount on your Homeowners, Renters policy, or owner occupied Condominium policy premium if the Named Insured or spouse, or registered domestic partner, are also the named insured on an Allstate Insurance Company or Allstate Indemnity Company auto policy in California.

### PROTECTIVE DEVICE DISCOUNT
You may be eligible for a discount of 5% to 15% if your home is equipped with certain protective devices, such as:
- smoke detectors, fire extinguishers and dead bolt locks on all exterior doors, or
- a burglar alarm or fire alarm which reports directly to a central reporting station or directly to the police or fire departments, or

Page 1

# Allstate Insurance Company

Policy Number:  9 14 401329 07/29      Your Agent:    Tony Salazar  (415) 391-9988
For Premium Period Beginning:   July 29, 2007

- a complete sprinkler system throughout your home.

The amount of the discount varies depending on how many and what types of devices are installed in your home. This discount applies to Homeowners, Condominium, and Renters policies. Additionally, a discount is offered on Renters and Condominium policies in buildings that have certain 24 hour manned security.

## CLAIM FREE DISCOUNT
You may be eligible for a discount of 10% to 20% if the Named Insured or spouse, or registered domestic partner, has maintained a qualifying property policy for the required amount of time, depending on the policy, and have been claim-free for 3 to 5 years. The discount varies depending on the type of policy maintained with Allstate Insurance Company or Allstate Indemnity Company.

## HOME BUYER DISCOUNT
You may be eligible for a 4% to 20% discount on your Homeowners or Condominium policy if you are the original owner of your home and the date that the Allstate policy becomes effective is within 12 months of the date the home was purchased. This discount is available to homes or condominiums purchased after September 1, 2000.

*This notice provides only a general description of the qualifications and conditions for each discount. Other qualifications and conditions may apply. Therefore, for complete details on discount qualifications and conditions, or if you think you may qualify for a discount, please contact your Allstate agent*

X66450-2

PROP *51009046805193304190110?*





# Allstate Insurance Company

Policy Number: 9 14 481329 07/29    Your Agent:    Tony Salazar (415) 391-9988
For Premium Period Beginning:    July 29, 2007

# Important Notice

## *The Enclosed Amendatory Endorsement Changes Your Policy*

The enclosed Amendatory Endorsement amends language contained in your Allstate policy. For detailed information about your insurance coverage, please read the policy, the Policy Declarations and the enclosed Amendatory Endorsement.

We have revised your policy to extend additional living expenses for covered losses to 24 months from the time a state of emergency, as defined in Section 8558 of the California Government Code, is declared.

If you have any questions, please do not hesitate to contact your Allstate agent or call the Allstate Customer Information Center at 1-800-ALLSTATE® (1-800-255-7828).

XC1406



## Allstate Insurance Company

Policy Number: 9 14 401329 07/29     Your Agent:   Tony Salazar  (415) 391-9988
For Premium Period Beginning:   July 29, 2007

# Important Notice

### Important Information About Your Allstate Policy

The enclosed Policy Declarations lists important information about your policy, such as your address, the location of the insured property, the coverages and coverage limits you've chosen, and mortgagee information, if applicable. Your Policy Declarations also lists any discounts and surcharges applied to your policy.

Because much of the information found on your Policy Declarations is used to help us determine your premium, please be sure to review your Policy Declarations carefully each time you receive one. You may want to add coverage, delete coverage or change your coverage limits — or you may want to update coverage on valuable personal items, such as jewelry or artwork.

Another thing to keep in mind is that you may now qualify for discounts that you previously were not eligible to receive. For instance, in many states, Allstate offers discounts for:

- policyholders who are 55 years of age or older and who are no longer working;
- homes that contain smoke detectors and other protective devices; and
- policyholders who insure both their homes and autos with Allstate.

Please contact your Allstate representative for additional information about discount qualifications, as well as other discounts that may be available.

### Making changes to your policy

If you need to make a change to any of the information listed on your Policy Declarations, please notify your Allstate representative of the change as soon as possible. With a few exceptions, **any changes will be effective as of the date you notify us.**

If you have any questions about this notice, or if you need to update any of the information listed on the enclosed Policy Declarations, please contact your Allstate agent or our Customer Information Center at 1-800-ALLSTATE (1-800-255-7828).

X67106

PROP *5100004080519528419011108*

## Allstate Insurance Company

Policy Number:   9 14 401329 07/29      Your Agent:   Tony Salazar  (415) 391-9988
For Premium Period Beginning:   July 29, 2007

# Important Notice

## Information about Flood Insurance

### Protection against flood damage

Most homeowners, renters and commercial insurance policies do not provide coverage for damage caused by floods. In fact, protection against floods is generally available only through a separate policy.

That's why Allstate is a participant in the National Flood Insurance Program and offers standard flood insurance policies*. A flood policy can help complete the insurance protection for your property and help protect your financial well-being.

### You may need it more than you think

Approximately 90% of all disasters in the U.S. are flood related. While you may think that it couldn't happen to you, over 25% of all flood losses occur in low to moderate risk areas.

And because flood damage is often accompanied by other damage, such as wind and hail (which is typically covered under a property policy), selecting Allstate gives you the convenience and peace of mind that comes with working with just one claim adjuster and one agent, instead of two or more.

### It's affordable

The federal government sets the rates for flood insurance, so there's typically no difference in rates from policy to policy—you can generally switch to a flood insurance policy administered by Allstate for the same amount of premium. If you choose Allstate, you can have the service, convenience and comfort you've come to expect from us.

For more information about flood insurance, or if you have any questions about your policy in general, please contact your Allstate representative or visit us at *allstate.com*.

* Allstate provides the standard flood insurance policy under the terms of the National Flood Insurance Act of 1968 and its amendments, and Title 44 of the Code of Federal Regulations. The standard flood insurance policy is written by Allstate for the National Flood Insurance Program which is administered by the Federal Insurance Administration, part of the Federal Emergency Management Agency.

*Subject to availability and qualifications. Other terms, conditions and exclusions may apply.*



# Allstate Insurance Company

Policy Number: 9 14 401329 07/29      Your Agent:    Tony Salazar  (415) 391-9988
For Premium Period Beginning:    July 29, 2007

## Information about Scheduled Personal Property Coverage

### Protection for your valuables
Allstate offers Scheduled Personal Property (SPP) coverage to help protect your valuables.

These items can include jewelry (such as engagement and wedding rings), fine art and musical instruments. Sports equipment, such as golf clubs, can also be covered by SPP.

In addition, SPP can cover valuables stored outside of your home in a safe deposit box or bank.

### Already have SPP?
Even if you currently have SPP coverage, it's a good idea to review your coverage annually. It's possible that the value of your property has changed or that you have purchased new items that have not been added to your coverage.

### Affordable coverage
The cost of SPP coverage varies, but the value of your property is the best way to determine how much coverage you need — the rates are generally a small percentage of the total value of the items you're insuring. This could mean that your valuables are being protected for only a fraction of the cost.

To learn more about SPP coverage, or if you have any questions about your insurance policy in general, contact your Allstate representative, or visit us at allstate.com.

*Subject to availability and qualifications. Other terms, conditions and exclusions may apply.*

X67372v1

Page 2

PROP *51B0004080519S3041901I09*



## Allstate Insurance Company

Policy Number: 9 14 401329 07/29    Your Agent:    Tony Salazar (415) 391-9988
For Premium Period Beginning:    July 29, 2007

## Policy Endorsement

*The following endorsement changes your policy. Please read this document carefully and keep it with your policy.*

## California
## Deluxe Plus Homeowners
## Amendatory Endorsement — AP4486-1

This endorsement amends your Deluxe Plus Homeowners Policy and is in addition to all other amendatory endorsements which apply to this policy.

I.    In the Definitions Used In This Policy provision, item 1. is replaced by the following:

    1.    "You" or "your" —means the person named on the Policy Declarations as the insured and:
        a)    that person's resident spouse; or
        b)    a party who has established with that person a registered domestic partnership under California state law if a resident of the same household.

II.    In Section I—Your Property, under Losses We Do Not Cover Under Coverages A and B, item 15.d), " rust or other corrosion, mold, wet or dry rot", is replaced by:

    15.    d) rust or other corrosion;

III.    In Section I—Your Property, under Losses We Do Not Cover Under Coverages A and B, the following is added:

    24.    Mold, fungus, wet rot, dry rot or bacteria. This includes any loss which, in whole or in part, arises out of, is aggravated by or results from mold, fungus, wet rot, dry rot or bacteria.

    This exclusion applies regardless of whether mold, fungus, wet rot, dry rot or bacteria arises from any other cause of loss, including but not limited to a loss involving water, water damage or discharge, which may otherwise be covered by this policy, except as specifically provided in Section I, Conditions —Mold, Fungus, Wet Rot and Dry Rot Remediation as a Direct Result of a Covered Water Loss.

IV.    In Section I—Your Property, under Losses We Do Not Cover Under Coverage C, the following is added:

    16.    Mold, fungus, wet rot, dry rot or bacteria. This includes any loss which, in whole or in part, arises out of, is aggravated by or results from mold, fungus, wet rot, dry rot or bacteria.

    This exclusion applies regardless of whether mold, fungus, wet rot, dry rot or bacteria arises from any other cause of loss, including but not limited to a loss involving water, water damage or discharge, which may otherwise be covered by this policy, except as specifically provided in Section I, Conditions —Mold, Fungus, Wet Rot and Dry Rot Remediation as a Direct Result of a Covered Water Loss.

Page 1

PROP "510000408051955041901110"

# Allstate Insurance Company

Policy Number: 9 14 401329 07/29     Your Agent:   Tony Salazar  (415) 391-9988
For Premium Period Beginning:   July 29, 2007

V.   In Section I—Your Property, under Additional Protection—Additional Living Expense is replaced by the following:

1.   **Additional Living Expense**

   a)   We will pay the reasonable increase in living expenses necessary to maintain your normal standard of living when a direct physical loss we cover under **Coverage A—Dwelling Protection, Coverage B—Other Structures Protection or Coverage C—Personal Property Protection** makes your residence premises uninhabitable. However, additional living expense due to remediation of mold, fungus, wet rot or dry rot will not be paid in addition to any amounts paid or payable under **Section I, Conditions—Mold, Fungus, Wet Rot and Dry Rot Remediation as a Direct Result of a Covered Water Loss.**

   Payment for additional living expense as a result of a covered loss under **Coverage A—Dwelling Protection, Coverage B—Other Structures Protection or Coverage C—Personal Property Protection** will be limited to the least of the following:
   1)   the time period required to repair or replace the property we cover, using due diligence and dispatch;
   2)   if you permanently relocate, the shortest time for your household to settle elsewhere; or
   3)   12 months.

   If the covered loss relates to a "state of emergency," as defined in Section 8558 of the California Government Code, payment for additional living expense as a result of a covered loss under **Coverage A—Dwelling Protection, Coverage B—Other Structures Protection or Coverage C—Personal Property Protection** will be limited to the least of the following:
   1)   the time period required to repair or replace the property we cover, using due diligence and dispatch;
   2)   if you permanently relocate, the shortest time for your household to settle elsewhere; or
   3)   24 months from the time a state of emergency is declared.

   b)   We will pay your lost fair rental income resulting from a covered loss under **Coverage A—Dwelling Protection, Coverage B—Other Structures Protection or Coverage C—Personal Property Protection**, less charges and expenses which do not continue, when a loss we cover under **Coverage A—Dwelling Protection, Coverage B—Other Structures Protection or Coverage C—Personal Property Protection** makes the part of the residence premises you rent to others, or hold for rental, uninhabitable. We will pay for lost fair rental income for the shortest time required to repair or replace the part rented or held for rental but not to exceed 12 months. However, payments for your lost fair rental income expense due to remediation of mold, fungus, wet rot or dry rot will not be paid in addition to any amounts paid or payable under **Section I, Conditions— Mold, Fungus, Wet Rot and Dry Rot Remediation as a Direct Result of a Covered Water Loss.**

   c)   We will pay the reasonable and necessary increase in living expenses and the lost fair rental income for up to two weeks should civil authorities prohibit the use of the residence premises due to a loss at a neighboring premises caused by a loss we insure against. However, payments for increase in living expenses or your lost fair rental income expense due to remediation of mold, fungus, wet rot or dry rot will not be paid in addition to any amounts paid or payable under **Section I, Conditions—Mold, Fungus, Wet Rot and Dry Rot Remediation as a Direct Result of a Covered Water Loss.**

Page 2

# Allstate Insurance Company

Policy Number:  9 14 401329 07/29    Your Agent:  Tony Salazar  (415) 391-9988
For Premium Period Beginning:    July 29, 2007

These periods of time are not limited by the termination of this policy.

We do not cover any lost income or expense due to the cancellation of a lease or agreement.

No deductible applies to this protection.

VI.  In **Section I—Conditions**, under item 5, **How We Pay For A Loss**, the following changes are made:

A.  The second paragraph in sub-item b) Actual Cash Value is replaced by the following:

You may make claim for additional payment as described in paragraph "c" and paragraph "d" if you
repair or replace the damaged, destroyed or stolen covered property within 12 months of the actual
cash value payment. If the covered loss relates to a "state of emergency," as defined in Section 8558 of
the California Government Code, you may make claim for additional payment as described in paragraph
"c" and paragraph "d" if you repair or replace the damaged, destroyed or stolen covered property
within 24 months of the actual cash value payment.

B.  The first paragraph in sub-item c) Building Structure Reimbursement is replaced by the following:

c)  Building Structure Reimbursement. Under **Coverage A—Dwelling Protection** and **Coverage B—
Other Structures Protection**, we will make additional payment to reimburse you for cost in excess
of actual cash value if you repair, rebuild or replace damaged, destroyed or stolen covered
property within 12 months of the actual cash value payment. If the covered loss relates to a "state
of emergency," as defined in Section 8558 of the California Government Code, we will make
additional payment under **Coverage A—Dwelling Protection** and **Coverage B—Other Structures
Protection** to reimburse you for cost in excess of actual cash value if you repair, rebuild or replace
damaged, destroyed or stolen covered property within 24 months of the actual cash value
payment. This additional payment includes the reasonable and necessary expense for treatment or
removal and disposal of contaminants, toxins or pollutants as required to complete repair or
replacement of that part of a building structure(s) damaged by a covered loss. This additional
payment shall not include any amounts which may be paid or payable under **Section I, Conditions
—Mold, Fungus, Wet Rot and Dry Rot Remediation as a Direct Result of a Covered Water Loss**,
and shall not be payable for any losses excluded in **Section I—Your Property, under Losses We
Do Not Cover Under Coverages A and B, item 24.**

C.  The first paragraph in sub-item d) Personal Property Reimbursement is replaced by the following:

d)  Personal Property Reimbursement. Under **Coverage C—Personal Property Protection**, we will
make additional payment to reimburse you for cost in excess of actual cash value if you repair,
rebuild or replace damaged, destroyed or stolen covered personal property or wall-to-wall
carpeting within 12 months of the actual cash value payment. If the covered loss relates to a "state
of emergency," as defined in Section 8558 of the California Government Code, we will make
additional payment under **Coverage C—Personal Property Protection** to reimburse you for cost in
excess of actual cash value if you repair, rebuild or replace damaged, destroyed or stolen covered
personal property or wall-to-wall carpeting within 24 months of the actual cash value payment.

VII.  In **Section I—Conditions**, the following is added:

Page 3

PROP "51000040805195304I901111"



# Allstate Insurance Company

Policy Number: 9 14 401329 07/29    Your Agent:    Tony Salazar (415) 391-9988
For Premium Period Beginning:    July 29, 2007

19. Mold, Fungus, Wet Rot and Dry Rot Remediation as a Direct Result of a Covered Water Loss

In the event of a covered water loss under **Coverage A—Dwelling Protection, Coverage B—Other Structures Protection** or **Coverage C—Personal Property Protection**, we will pay up to $5,000 for mold, fungus, wet rot or dry rot remediation.

Remediation means the reasonable and necessary treatment, removal or disposal of mold, fungus, wet rot or dry rot as required to complete repair or replacement of property we cover under **Coverage A—Dwelling Protection, Coverage B—Other Structures Protection** or **Coverage C—Personal Property Protection** damaged by a covered water loss, including payment for any reasonable increase in living expenses necessary to maintain your normal standard of living if mold, fungus, wet rot or dry rot makes your residence premises uninhabitable. Remediation also includes any investigation or testing to detect, measure or evaluate mold, fungus, wet rot or dry rot.

This Condition does not increase the limits of liability under **Coverage A—Dwelling Protection, Coverage B—Other Structures Protection** or **Coverage C—Personal Property Protection.**

VIII. In Section II—Family Liability and Guest Medical Protection, under Losses We Do Not Cover Under Coverage X, the following is added:

17. We do not cover bodily injury or property damage which, in whole or in part, arises out of, is aggravated by or results from mold, fungus, wet rot, dry rot or bacteria.

18. We do not cover any liability imposed upon any insured person by any governmental authority for bodily injury or property damage which, in whole or in part, arises out of, is aggravated by or results from mold, fungus, wet rot, dry rot or bacteria.

IX. In Section II—Family Liability and Guest Medical Protection, under Losses We Do Not Cover Under Coverage Y, the following is added:

14. We do not cover bodily injury which, in whole or in part, arises out of, is aggravated by or results from mold, fungus, wet rot, dry rot or bacteria.

All other policy terms and conditions apply.

Page 4

MICHAEL BARNES (State Bar No. 121314)
SONIA MARTIN (State Bar No. 191148)
CHRISTOPHER WINDLE (State Bar No. 141123)
SONNENSCHEIN NATH & ROSENTHAL LLP
2121 N. California Blvd., Suite 800
Walnut Creek, California 94596-7342
Telephone: (925) 949-2600
Facsimile: (925) 949-2610
Email:    mbarnes@sonnenschein.com
          smartin@sonnenschein.com
          cwindle@sonnenschein.com

Attorneys for Defendant
ALLSTATE INSURANCE COMPANY

E_____
AT ALAMEDA COUNTY

____ 2008

__ __ __

ENDORSED
ENFILED
ALAMEDA COUNTY

JUL 24 2008

CLERK OF THE SUPERIOR COURT
By_____ S. Halcrombe
Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| ANDREW BERANBOM, COOPBOM, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> ALLSTATE INSURANCE COMPANY, and DOES 1 to 200, inclusive, <br><br> Defendants. | No. RG08395514 <br><br> ANSWER TO COMPLAINT |

**BY FAX**

Defendant Allstate Insurance Company ("Allstate") answers the Complaint for Breach of Contract and Bad Faith of plaintiffs Andrew Beranbom and Coopboom, LLC (the "Complaint") as follows:

## General Denial

Allstate generally denies each and every material allegation in plaintiffs' Complaint pursuant to Code of Civil Procedure section 431.30(d). Allstate further denies that plaintiffs have sustained any injury, damage, or loss by reason of any conduct, action, error, or omission on the part of Allstate.

This answer is filed without prejudice to Allstate's right to file an amended answer or other response, including a Cross-Complaint, after conducting discovery.

/////

SONNENSCHEIN NATH & ROSENTHAL, LLP
2121 N. California Blvd., Suite 800
Walnut Creek, California 94596
(925) 949-2600

1    **AFFIRMATIVE DEFENSES**

2    (Applicable To All Causes of Action)

3    **First Defense**   .

4    **(Statute of Limitations)**

5    The Complaint is barred by the applicable statutes of limitations, including, but not limited

6    to, California Code of Civil Procedure sections 335.1, 337(1), 337(2), 338(a)(d), 339, 340,

7    340.6, and/or 343, and Insurance Code sections 2070 and 2071.

8    **Second Defense**

9    **(Misrepresentation)**

10   The Complaint is barred, in whole or in part, to the extent plaintiffs made material

11   misrepresentations in connection with their claim.

12   **Third Defense**

13   **(Set-Off)**

14   To the extent Allstate is liable to plaintiffs, if at all, Allstate is entitled to a set-off on

15   account of damages sustained by Allstate as a result of plaintiffs' acts, conduct or omissions.

16   **Fourth Defense**

17   **(Policy Exclusions)**

18   The loss was excluded from coverage under the policy, in whole or in part, by

19   Exclusion 16 under Coverages A and B ( Dwelling Protection and Other Structures Protection)

20   and Exclusion 4 under Coverage C (Personal Property Protection).

21   **Fifth Defense**

22   **(Speculative Nature of Damages)**

23   Plaintiffs are  not entitled to judgment to the extent their damages claims are speculative

24   **Sixth Defense**

25   **(Failure to State a Cause of Action)**

26   The Complaint, and each and every purported cause of action therein, fails to state facts

27   sufficient to constitute a cause of action against Allstate.

28

SONNENSCHEIN NATH & ROSENTHAL LLP
2121 N. California Blvd., Suite 800
Walnut Creek, California 94596
(925) 949-2600

-2-
ANSWER TO COMPLAINT

SONNENSCHEIN NATH & ROSENTHAL LLP
2121 N. California Blvd., Suite 800
Walnut Creek, California 94596
(925) 949-2600

### Seventh Defense

#### (Absence of Fault by Allstate)

Plaintiffs have not been injured or damaged in any way or in any manner as a result of any alleged act, conduct or omission of Allstate.

### Eighth Defense

#### (Good Faith of Allstate)

Allstate's conduct was at all times reasonable and in good faith, not tortious.

### Ninth Defense

#### (Plaintiffs' Claim Raised Genuine Issues)

Plaintiffs should take nothing pursuant to the Complaint because their claims to Allstate raised genuine issues and/or disputes as to Allstate's duties, if any, under the Allstate Deluxe Plus Homeowners Policy at issue in the Complaint (the "Policy"), and Allstate's belief in the validity of these issues and/or disputes was reasonable.

### Tenth Defense

#### (Estoppel)

The Complaint, and each and every purported cause of action therein, is barred against Allstate by the doctrine of estoppel.

### Eleventh Defense

#### (Waiver)

The Complaint, and each and every purported cause of action therein, is barred against Allstate by the doctrine of waiver.

### Twelfth Defense

#### (Laches)

The Complaint, and each and every purported cause of action therein, is barred against Allstate by the doctrine of laches.

///

///

///

-3-

ANSWER TO COMPLAINT

SONNENSCHEIN NATH & ROSENTHAL LLP
2121 N. California Blvd., Suite 800
Walnut Creek, California 94596
(925) 949-2600

1    **Thirteenth Defense**

2    **(Unclean Hands)**

3    The Complaint, and each and every purported cause of action therein, is barred against

4    Allstate by the doctrine of unclean hands.

5    **Fourteenth Defense**

6    **(No Coverage for Claimed Losses)**

7    The Complaint, and each and every purported cause of action therein, is barred to the

8    extent that it seeks payment, reimbursement, contribution, or indemnification for, or is based on,

9    a loss that is not covered by, or is excluded from, coverage under the terms, definitions,

10    exclusions, conditions and limitations of the Policy.

11    **Fifteenth Defense**

12    **(Mitigation of Damages)**

13    Plaintiffs' recovery against Allstate, if any, is barred and/or limited to the extent

14    plaintiffs have failed to mitigate, minimize or avoid any damages they have allegedly suffered.

15    **Sixteenth Defense**

16    **(Bad Faith of Plaintiffs)**

17    The Complaint is barred to the extent that plaintiffs themselves have acted in bad faith.

18    **Seventeenth Defense**

19    **(Failure to State Sufficient Facts)**

20    The Complaint fails to state facts sufficient to entitle plaintiffs to tort damages.

21    **Eighteenth Defense**

22    **(Failure to Comply With Policy Terms)**

23    The Complaint is barred to the extent the plaintiffs have failed to perform all of their

24    obligations under the Policy, including their duties to cooperate with Allstate in the processing

25    of the claims and to document and substantiate their claimed losses.

26    ///

27    ///

28    ///

-4-

ANSWER TO COMPLAINT

SONNENSCHEIN NATH & ROSENTHAL LLP
2121 N. California Blvd., Suite 800
Walnut Creek, California 94596
(925) 949-2600

1

**Nineteenth Defense**

2

**(Policy Limits)**

3      Plaintiffs' Policy is subject to certain deductibles and coverage limits.  Even if the Policy

4  provided coverage for the alleged loss, that coverage would be subject to the Policy's

5  deductibles and coverage limits.

6

**Twentieth Defense**

7

**(Advice of Counsel)**

8      Allstate's conduct was reasonable because it relied in good faith on the advice of legal

9  counsel, Pollak, Vida & Fisher.

10

**Twenty-First Defense**

11

**(No Punitive Damages)**

12      The Complaint fails to state facts sufficient to entitle plaintiffs to punitive damages.  In

13  addition, plaintiffs' claim for punitive damages is barred because the California punitive damage

14  statute is unconstitutionally void for vagueness, violates the equal protection clause, violates the

15  due process clause, is an undue burden on interstate commerce, violates the contract clause, and

16  violates the Eighth Amendment proscription against excessive fines pursuant to the United State

17  and California Constitutions.

18

**Twenty-second Defense**

19

**(Right to Assert Additional Defenses)**

20      Allstate reserves its right to amend its Answer to the Complaint to assert any additional

21  defenses and/or applicable terms, provisions, exclusions, limitations or conditions of the Policy,

22  as may become apparent during discovery in this action.

23      WHEREFORE, Allstate prays for judgment as follows:

24      1.      That plaintiffs take nothing by way of their Complaint and that the Complaint be

25  dismissed with prejudice;

26      2.      That judgment be entered in favor of Allstate;

27      3.      That Allstate be awarded costs and attorneys' fees incurred in this action; and

28

-5-

1    4.    For such other and further relief as this Court deems just and proper.

2    Dated:  July 23, 2008                    SONNENSCHEIN NATH & ROSENTHAL LLP

3

4                                            By: _____
                                                       *Sonia Martin (CW)*

5                                                     SONIA MARTIN

6                                            Attorneys for Defendant
                                             ALLSTATE INSURANCE COMPANY

7    27303944\V-2

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SONNENSCHEIN NATH & ROSENTHAL LLP
2121 N. California Blvd., Suite 800
Walnut Creek, California 94596
(925) 949-2600

-6-
ANSWER TO COMPLAINT

**PROOF OF SERVICE**

I, Gloria Courtney, hereby declare:

I am employed in the City of Walnut Creek, and in the County of Contra Costa, California, in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Sonnenschein Nath & Rosenthal LLP, 2121 North California Boulevard, Suite 800, Walnut Creek, California 94596.

On July 23, 2008, I caused to be served on the interested parties in this action the following document(s):

**ANSWER TO COMPLAINT**

by placing a true copy(ies) thereof, on the above date, enclosed in a sealed envelope, following the ordinary business practice of Sonnenschein Nath & Rosenthal LLP, as follows:

| | |
|---|---|
| Craig A. Diamond, Esq.<br>Stephen C. Baker, Esq.<br>DIAMOND BAKER, LLP<br>P.O. Box 1147<br>Cedar Ridge, CA 95924-1147<br>Tel.: (530) 272-9977<br>Fax: (530) 272-8463 | Attorneys for Plaintiff<br>ANDREW BERANBOM |

☒ U.S. MAIL: I am personally and readily familiar with the business practice of Sonnenschein Nath & Rosenthal LLP for collection and processing of correspondence for mailing with the United States Postal Service, pursuant to which mail placed for collection at designated stations in the ordinary course of business is deposited the same day, proper postage prepaid, with the United States Postal Service.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on July 23, 2008, at Walnut Creek, California.

_Gloria Courtney_
Gloria Courtney